CHARLES CLARK, Circuit Judge,
specially concurring:
I agree that this case should be remanded to the district court for further action. However, I respectfully decline to concur in the terms of that remand set forth by the majority. If this ease is to be decided now, our precedent appears to me to require that the district court be directed to apply the teachings of Washington v. Davis, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), in assessing whether the plaintiff has made out a prima facie case of racial discrimination.
The district court decided this case prior to Davis, which held that the racially disproportionate impact of an employment practice neutral on its face is insufficient, standing alone, to establish racial discrimination violative of the equal protection component of the fifth amendment Due Process Clause. The Supreme Court distinguished the standards for liability under Title VII (which do not require proof of discriminatory purpose) from those which govern under the fifth and fourteenth amendments to the Constitution (which require that purposeful discrimination be shown).
Davis precludes a plaintiff from making out a prima facie case of discrimination in violation of his right to equal protection of the law by statistical evidence alone. Such statistical evidence, by itself, can only show disproportionate impact, which does not establish an equal protection violation. I construe Nevett v. Sides, 571 F.2d 209 (5th Cir. 1978), which applied Davis to an action brought under sections 1981 and 1983, to require us to apply that same analysis to the case at bar. Accordingly, I concur in the remand of the case to the district court, *258 but I would instruct that court to determine whether the plaintiff’s evidence — including the statistical data — established a prima fa-cie case of discriminatory purpose which, if unrebutted, would establish liability. Only then would I direct the district judge to determine the questions set forth by the majority.
It is likely that the issue separating me from the majority will not long remain unresolved. The Supreme Court has granted certiorari in Davis v. County of Los Angeles, 566 F.2d 1334 (9th Cir. 1977). First among the issues upon which certiora-ri was requested is whether plaintiffs, in a discrimination suit brought under Section 1981, must show that the defendants intended to discriminate against them. - U.S. -, 98 S.Ct. 3087, 57 L.Ed.2d 1132 (No. 77-1553, June 20, 1978). Because the case at bar is to be decided without awaiting the resolution of the Ninth Circuit’s ruling, I would hold we are bound by Nev-ett.